IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| THE HODGES MANAGEMENT COMPANY and BRADLEY CREEK PROPERTIES, LLC, | * * * * | |
| Plaintiffs, | * * | |
| v. | * * | |
| AMGUARD INSURANCE COMPANY; JOHN O. KENNER, JR.; PAULETTE J. KENNER; BISHOP-DURDEN INSURANCE GROUP, INC.; and NICHOLAS HALE, | * * * * * * | CV 122-135 |
| Defendants. | * * | |
| AMGUARD INSURANCE COMPANY, | * * | |
| Third-Party Plaintiff, | * * | |
| v. | * * | |
| BISHOP-DURDEN INSURANCE GROUP, INC., and NICHOLAS HALE, | * * * | |
| Third-Party Defendants. | * * | |

O R D E R

This matter is before the Court on its own accord. For the following reasons, this case is **DISMISSED WITHOUT PREJUDICE**.

I. BACKGROUND

On January 2, 2020, Defendant John O. Kenner slipped and fell in the bathroom of the Kentucky Fried Chicken located on

Wrightsboro Road in Augusta, Georgia (the "Wrightsboro Road KFC"). (Doc. 1 ¶ 20.)[1] A few days later, Defendants John O. Kenner and Paulette J. Kenner (collectively, the "Kenners") filed a personal-injury lawsuit against Plaintiffs in the State Court of Richmond County, Georgia, which is still pending before that court. (Id. ¶ 2.) The present case concerns an insurance dispute that arose after the Kenners filed their personal-injury action. But, for the reasons discussed herein, the Court is powerless to address this matter because it lacks subject-matter jurisdiction.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, so an action may proceed in federal court only if subject-matter jurisdiction exists. Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). "Further, the party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002) (citation omitted). But the Court has a duty to examine, sua sponte, its own jurisdiction over the case. DeRoy v. Carnival

---

[1] Although Plaintiffs filed an amended complaint in this case, both the amended complaint and the original complaint are operative because Plaintiffs' amended complaint specifically incorporates by reference their entire original complaint. (Doc. 23 ¶ 1); see also Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Can., 674 F.2d 1365, 1370 n.6 (11th Cir. 1982) ("As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading." (citation omitted)).

2

Corp., 963 F.3d 1302, 1311 (11th Cir. 2020) (citation omitted). Thus, "even when the parties disclaim or fail to present requirements that go to the existence of subject-matter jurisdiction, courts must *sua sponte* consider such issues." Id. (citing Gonzalez v. Thaler, 565 U.S. 134, 141 (2012)). "[I]t is the facts and substance of the claims alleged, not the jurisdictional labels attached, that ultimately determine whether a court can hear a claim." Id. (citations omitted). "A federal court must always dismiss a case upon determining that it lacks subject matter jurisdiction, regardless of the stage of the proceedings." Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001) (citation omitted).

Federal courts have original jurisdiction in two primary types of cases: cases presenting a federal question pursuant to 28 U.S.C. § 1331 and cases between parties of diverse citizenship pursuant to 28 U.S.C. § 1332. 28 U.S.C. § 1331 gives district courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." To decide whether a claim arises under federal law, a court must determine "whether a federal question appears on the face of the plaintiff's well-pleaded complaint." Resnick v. KrunchCash, LLC, 34 F.4th 1028, 1034 (11th Cir. 2022) (citation omitted). 28 U.S.C. § 1332(a)(1) gives the Court original jurisdiction over civil cases "where the matter in controversy exceeds the sum or value of

3

$75,000 . . . and is between . . . citizens of different States." "Diversity jurisdiction, as a general rule, requires complete diversity — every plaintiff must be diverse from every defendant." Palmer v. Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994) (citation omitted).

### III. DISCUSSION

The Court finds it lacks subject-matter jurisdiction over Plaintiffs' claims. Plaintiffs allege the Court has federal-question jurisdiction over their claims because they seek declaratory relief under 28 U.S.C. § 2201. (Doc. 1 ¶ 10.) However, a party may not rely on § 2201 as a basis for federal jurisdiction since the Declaratory Judgment Act is "procedural only" and does not provide a basis for subject-matter jurisdiction. Medtronic, Inc. v. Mirowski Family Ventures, LLC, 571 U.S. 191, 197 (2014) ("[T]he Declaratory Judgment Act does not 'extend' the 'jurisdiction' of the federal courts."); Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950) (explaining "the operation of the Declaratory Judgment Act is procedural only" and did not extend federal courts' jurisdiction). Because § 2201 does not provide the Court jurisdiction, and because Plaintiffs only assert state-law claims, the Court does not have federal-question jurisdiction. (See Doc. 1, at 7-8 (asserting claims for breach of contract and attorney's fees under state law); Doc. 23, at 2-5

4

(asserting claims for negligence, negligent misrepresentation, breach of contract, respondeat superior, and attorney's fees under state law).)

The Court also finds there is no diversity jurisdiction. 28 U.S.C. § 1332 requires complete diversity, meaning "every plaintiff must be diverse from every defendant." Palmer, 22 F.3d at 1564 (citation omitted). Here, the Parties are not completely diverse. Plaintiffs allege they are both Georgia citizens. (Doc. 1 ¶¶ 5, 6.) But Plaintiffs also allege Defendants John O. Kenner, Jr.; Paulette J. Kenner; Bishop-Durden Insurance Group, Inc.; and Nicholas Hale are Georgia citizens. (Doc. 1 ¶ 8; Doc. 23 ¶¶ 2-3.) As these Parties are all Georgia citizens, the complete-diversity requirement is not satisfied, and the Court lacks diversity jurisdiction. Therefore, since there is no federal-question or diversity jurisdiction, the Court lacks original jurisdiction over Plaintiffs' claims.

Furthermore, the Court finds it also lacks subject-matter jurisdiction over AmGuard's third-party complaint against Third-Party Defendants Bishop-Durden and Hale. For starters, the Court cannot exercise supplemental jurisdiction over the third-party complaint because, as discussed above, Plaintiffs' claims do not provide the Court original jurisdiction. See 28 U.S.C. § 1367(a) ("[I]n any civil action *of which the district courts have original jurisdiction*, the district courts shall have supplemental

5

jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." (emphasis added)). Furthermore, the third-party complaint does not invoke the Court's original jurisdiction.

The third-party complaint seeks indemnification from Bishop-Durden and Hale if AmGuard is found liable on Plaintiffs' state-law claims, so there is no federal question present on the face of the third-party complaint. (Doc. 22, at 4); see also Resnick, 34 F.4th at 1034 (citation omitted). The Court acknowledges the Parties to the third-party complaint are diverse. (Doc. 1 ¶ 7 (indicating AmGuard is a Pennsylvania corporation with its principal place of business in Pennsylvania); Doc. 23 ¶¶ 2-3 (indicating Bishop-Durden is a Georgia corporation "with its principal office address" in Georgia and Hale is a Georgia citizen).) However, the Parties do not allege specific damages, and the record is devoid of any information the Court could rely on to conclude the amount in controversy exceeds $75,000. As a result, the Court does not have diversity jurisdiction over the third-party complaint either. Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003) ("[T]he party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." (citation


omitted)). Because the Court lacks original jurisdiction over the third-party complaint, it too must be dismissed.

### IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE**. The Clerk is **DIRECTED** to **TERMINATE** all remaining pending motions and deadlines, if any, and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 19th day of January, 2024.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA